IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER ZAMORA-HERNANDEZ,<br><br>Defendant / | No. CR 7-645 MMC<br>(C 10-3126 MMC)<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR MODIFY SENTENCE** |

    Before the Court is defendant Javier Zamora-Hernandez's ("Zamora") motion to vacate, set aside, or modify his sentence, pursuant to 28 U.S.C. § 2255. Having read and considered Zamora's motion, the Court rules as follows.

## BACKGROUND

    On April 8, 2009, Zamora entered into a plea agreement, in which he agreed to plead guilty to "Count One of the captioned indictment charging [him] with conspiracy to possess with intent to distribute and distribute heroin, in violation of 21 U.S.C. § 846," and "Count One of the captioned information charging [him] with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h)." (Plea Agreement, filed April 8, 2009, ¶ 1.) Zamora further agreed "not to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. § 2255 . . . at any time in the future after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was

violated in connection with the negotiation of [the] Agreement." (Id. ¶ 5.)

Further, in the plea agreement, Zamora acknowledged that he "had adequate time to discuss the case, the evidence, and [the] Agreement with [his] attorney, and that she ha[d] provided [him] with all the legal advice that [he] requested." (Id. ¶ 15.) Zamora also acknowledged that the plea agreement was read to him in Spanish in the presence of his attorney. (Id. ¶ 18.)

The Court accepted Zamora's guilty plea on July 15, 2009, finding that he had entered the plea freely, that he understood and knowingly, freely and voluntarily waived his constitutional rights, and that he had admitted the essential elements of the crime charged. On July 16, 2009, judgment was entered against Zamora on Count One of the indictment and Count One of the information. (Judgment at 1.) Zamora was committed to the custody of the United States Bureau of Prisons for a term of 170 months. (Id. at 2.)

On July 14, 2010, Zamora filed the instant motion.

**DISCUSSION**

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief, the judge must dismiss the motion." As discussed below, the Court concludes Zamora's motion must be dismissed because, in his plea agreement, he waived his right to file a § 2255 motion.

At the outset, the Court notes that the motion is not based on a claim of ineffective assistance of counsel. (See Mot. at 4.) Consequently, Zamora's agreement not to file a "collateral attack on [his] conviction or sentence" (Plea Agreement ¶ 5) encompasses the

grounds on which the motion is predicated and, if enforceable, precludes his proceeding thereon.

For such a waiver to be enforceable, the language of the waiver must clearly and unambiguously waive the right asserted and the waiver must be knowing and voluntary. See United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (citing United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998)). To determine whether the waiver is clear and unambiguous, a court looks to the plain language of the plea agreement. See Nunez, 223 F.3d at 958. A plea agreement waiving the right to bring a § 2255 motion must do so expressly. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Zamora's express agreement "not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 . . . at any time in the future after I am sentenced . . . ." (Plea Agreement ¶ 5), is clear and unambiguous.

The Court next "looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996). In the instant case, Zamora stated in the plea agreement:

> I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

(Plea Agreement ¶ 17.) Zamora's counsel also signed the plea agreement and stated therein: "In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary." (Id. at 10.)

Accordingly, the Court concludes Zamora knowingly and voluntarily waived his right to file a collateral challenge under § 2255.

//
//
//

## CONCLUSION

For the reasons set forth above, Zamora's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or modify his sentence is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: August 2, 2010

_____
MAXINE M. CHESNEY
United States District Judge